1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CELESTIA C., | |
| Plaintiff, | CASE NO. C19-1757-MAT |
| v. | |
| ANDREW M. SAUL, | ORDER  RE: SOCIAL SECURITY DISABILITY APPEAL |
| Commissioner of Social Security, | |
| Defendant. | |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner).   The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1958.[1]  She completed three years of college and obtained an Associate Degree in marketing management.  (AR 506.)  She previously worked as a retail store manager, accounting clerk, retail sales clerk, general clerk, and salesperson.  (AR 115-16.)

---

[1] Dates of birth must be redacted to the year.  Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

Plaintiff filed DIB and SSI applications in March and December 2014, respectively, alleging disability beginning September 9, 2008.  (AR 300, 307.)   Her date last insured for DIB is December 31, 2014.  The applications were denied initially and on reconsideration.

ALJ Virginia Robinson held a hearing on February 11, 2016, taking testimony from plaintiff and a vocational expert (VE).  (AR 43-95.)  On July 29, 2016, the ALJ issued a decision finding plaintiff not disabled.  (AR 152-71.)  Plaintiff timely appealed and the Appeals Council remanded the case for further consideration.  (AR 174-76.)

The ALJ held a second hearing on February 28, 2019, taking testimony from plaintiff and a VE.  (AR 96-121.)  At hearing, counsel for plaintiff amended the onset date to September 16, 2013.  (AR 103.)  In a decision dated July 3, 2019, the ALJ found plaintiff not disabled since the original date of onset, September 9, 2008, through the date of the decision.  (AR 15-34.)

Plaintiff requested review, which the Appeals Council denied on October 21, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found the following impairments severe:  thoracic outlet syndrome; cervical spine condition; pain disorder; depression;

ORDER
PAGE - 2

post-traumatic stress disorder (PTSD); hearing loss; obesity; and diffuse idiopathic skeletal hyperostosis (DISH).  Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff able to perform light work, within the following parameters:  lift twenty pounds occasionally and ten pounds frequently; stand and walk for approximately six hours and sit for approximately six hours in an eight-hour workday, with normal breaks; frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, and crouch; occasionally crawl; frequently reach overhead with the left upper extremity; must avoid concentrated exposure to excessive vibration, pulmonary irritants, extreme temperatures, and workplace hazards, such as dangerous machinery or unprotected heights; must avoid working in an area with excessive, very loud noise (for example, at a level of heavy traffic), but is able to hear and understand oral instructions or communicate information in an environment that is aligned with an office setting ("loud work" is defined as level 4); focus for two-hour periods with breaks in a normal schedule; able to get along with co-workers and the public; and can have frequent interaction with the public, but would do best without constant interaction with the public.  With that assessment, and with the assistance of the VE, the ALJ found plaintiff able to perform her past relevant work as a retail store manager and accounting clerk, as actually and generally performed.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant

ORDER
PAGE - 3

retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  Finding plaintiff not disabled at step four, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.")  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff agues the ALJ erred in considering two medical opinions, in failing to fully and fairly develop the record, and in assessing her testimony.  She also notes the ALJ's failure to acknowledge the amended disability onset date in the decision.  She requests remand for further administrative proceedings.  The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

Medical Opinions

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2]  Where the record contains

---

[2] Because plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER
PAGE - 4

contradictory opinions from doctors, as in this case, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff argues the ALJ failed to provide specific and legitimate reasons for rejecting the August 3, 2018 opinion of consultative examining physician Dr. Hayden Hamilton, MD (AR 2519-2530), and the October 23, 2014 opinion of examining physician Dr. William Wilkinson, Ed.D. (AR 930-937, 2193-2200). The Commissioner denies the specific errors plaintiff assigns to the ALJ's assessment of the opinions of Drs. Hamilton and Wilkinson. The Commissioner also argues more generally that the medical evidence and opinions from nine different medical sources support the ALJ's RFC assessment. The Court, however, finds an underlying error in the ALJ's decision to undermine her assessment of the medical opinion evidence challenged by plaintiff, as well as her assessment of the record as a whole.

As noted above, at hearing, counsel for plaintiff amended the alleged onset date to September 16, 2013. (AR 103.) The ALJ did not acknowledge that change in the decision. The ALJ, instead, considered plaintiff's claim from the original alleged onset date, September 9, 2008. (AR 15, 17, 33.) In so doing, the ALJ considered some five years of medical records and medical opinions dated prior to the amended date of onset. (*See* AR 28, 30 (assigning some weight to opinions from eight different medical sources dated between 2008-2011).) Other opinions, such as the July and November 2014 opinions from three non-examining State agency medical consultants, came after the amended onset date, but rested on consideration of medical evidence dated back to the original onset date in September 2008. (*See* AR 123-34, 136-48.) As plaintiff observes, many of these medical opinions were of little probative value in assessing plaintiff's limitations from September 2013 through the ALJ's July 2019 decision. *See Carmickle v. Comm'r,*

*SSA*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.")

Nor is it possible to separate the ALJ's error in identifying the date of onset from the assessment of the opinions of Drs. Hamilton and Wilkinson.  The ALJ, for example, found Dr. Wilkinson's opinion inconsistent with evidence of plaintiff's "ongoing work activity, albeit under the substantial gainful activity level, for years after the alleged onset date."  (AR 29.)  However, all or all but one of those activities took place entirely prior to the amended onset date.  (*See* AR 17, 401-02, 507.)  Also, the Commissioner argues the ALJ had no duty to contact Dr. Hamilton for clarification of inconsistencies in his opinion because the ALJ had "an almost 3,000 page transcript – constituting years of treating and examining records – to inform her decision, in addition to Dr. Hamilton's opinion."  (Dkt. 11 at 6 (citing *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Given that the ALJ had years of . . .  records and multiple opinions from non-examining psychiatrists to inform her decision, [the duty to further develop the record] was not triggered."))  Yet, as plaintiff observes, well over half of the medical records considered by the ALJ predated the amended onset date.  (*See* Dkt. 12 at 3 & n.1 (stating a little more than 1,300 of the approximately 2,200 pages of medical records comprising the transcript predated the amended onset date) (citing AR 606-839, 988-1035).)

On remand, the ALJ should reconsider this case and all steps of the sequential evaluation process with the correct, amended date of disability onset.  That reconsideration should include reassessment of the opinions of Drs. Hamilton and Wilkinson.  The ALJ should also contact Dr. Hamilton for clarification of his opinion, including an explanation for inconsistencies between limitations assessed in the Medical Source Statement (AR 2519-21 (stand for two hours, lift and carry ten pounds frequently and twenty pounds occasionally, never reach with right hand and

occasionally reach with left hand) and limitations assessed in narrative form (AR 2529 (stand for about four hours, lift less than ten pounds occasionally and frequently, avoid reaching overhead and forward, but all other manipulative tasks can be performed frequently), as well as for any greater limitation in the use of plaintiff's right hand, given that her shoulder surgery occurred on the left.  *See generally Widmark v. Barnett*, 454 F.3d 1063, 1068 (9th Cir. 2006) ("[T]he ALJ should not be 'a mere umpire' during disability proceedings. Rather, the ALJ has 'a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'") (quoted sources omitted).

<u>Symptom Testimony</u>

The rejection of a claimant's subjective symptom testimony requires the provision of specific, clear, and convincing reasons.  *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.[3]

The ALJ here found plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely consistent with the medical and other evidence in the record.  She identified numerous appropriate reasons for discounting claimant testimony (*see* AR 22-27), such as contradictions between testimony and medical evidence, *Carmickle*, 533 F.3d at 1161; evidence of improvement and favorable response to treatment, even with missed appointments, *see Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017), *Tommasetti v. Astrue*,

---

[3] Effective March 28, 2016, the Social Security Administration eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character.  Social Security Ruling 16-3p.  The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 7

533 F.3d 1035, 1039-40 (9th Cir. 2008), *Morgan v. Comm'r of SSA*, 169 F.3d 595, 599-600 (9th Cir. 1999); inconsistency with activities, *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); evidence of a failure to exert adequate effort on testing, *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012); questions as to reliability and accuracy of symptom reporting, *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); inconsistent statements, *Tommasetti*, 533 F.3d at 1039; absence of regular mental health treatment, *see id.*; evidence of a situational aspect of symptoms, *Chesler v. Colvin*, No. 13-36098, 2016 U.S. App. LEXIS 8836 at *2 (9th Cir. May 13, 2016); and evidence associated with work, including attempts to find employment, failure to work for reasons unrelated to impairments, continued receipt of unemployment benefits, and reported self-employment, *see Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996), and *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009).

However, again, the ALJ did not correctly identify the date of onset alleged. As a result, the ALJ's assessment of plaintiff's symptom testimony entails consideration of a substantial amount of evidence dated years before the relevant time period. (*See, e.g.*, AR 22-24 (detailed description of medical records beginning in 2008 and extending through the September 2013 amended onset date).) This consideration, without recognition of the correct onset date, raises questions as to the substantial evidence support for the conclusion reached.

The ALJ's error also directly implicates some of the specific reasons provided for not accepting plaintiff's symptom testimony. The ALJ, for example, noted minimal references to depression in the "early record" and that plaintiff did not start regular treatment for her depression and PTSD until 2014, "many years after the alleged onset date[.]" (AR 27 (citing AR 886-929).) Plaintiff, in fact, sought that treatment within approximately six months of her amended onset date. (*See* AR 914-97.) The ALJ also discussed evidence associated with plaintiff's work history, work

1   activity, and receipt of unemployment in the years prior to the amended onset date, reasoning "the

2   fact that the claimant was not only reporting her ability to work, but also reporting that she was

3   actively working at self-employment is inconsistent with her allegations of disability since

4   September 2008." (AR 27.)  These and other reasons may not withstand scrutiny with recognition

5   of plaintiff's amended onset date.  The ALJ's reconsideration of this matter must, therefore,

6   include reassessment of plaintiff's symptom testimony.

7   **<u>CONCLUSION</u>**

8        For the reasons set forth above, this matter is REMANDED for further administrative

9   proceedings.

10        DATED this <u>10th</u> day of July, 2020.

11

12                           _____

13                           Mary Alice Theiler
                          United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

ORDER
PAGE - 9